# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CR-525 CAS |
| ) | |
| CARLO M. HOLMES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant Carlo M. Holmes' pro se "Motion for New Presentence Investigation - 'PSI'". Defendant's motion requests the preparation of a new presentence investigation report as a result of the Eighth Circuit Court of Appeals' reversal and remand of his felon-in-possession conviction under 18 U.S.C. § 922(g)(1). Defendant asserts that as a result of the reversal, the presentence investigation report is inaccurate because it still reflects the § 922 charge, which imposes a two-point enhancement with respect to defendant's remaining drug conviction. Movant contends that this error affects his custody level and prevents him from obtaining drug treatment while in prison. The government responds that it "voices no opinion as to the propriety of [defendant's] request . . . ." Response to Court Order at 1 (Doc. 97). Defendant replies that because the government has no opinion on his motion, it should be granted. The Court concludes the motion should be denied without prejudice for lack of jurisdiction.

**Background**

On September 4, 2008, defendant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count I), and one count of possession with the intent to distribute in excess of five (5) grams of cocaine base (crack), in violation of 21 U.S.C.

§ 841(a)(1) (Count II). On March 3, 2009, a jury found defendant guilty on both counts, and on June 11, 2009, defendant was sentenced to a term of 120 months imprisonment on each count, to be served concurrent with each other and with certain specified state court cases, and supervised release terms of 2 years on Count I and 8 years on Count II.

Defendant filed a direct appeal of his conviction. On September 2, 2010, the Eighth Circuit affirmed defendant's conviction on Count II, the crack cocaine charge, but reversed as to Count I, the felon in possession charge, based on a Confrontation Clause violation, and remanded the case to this Court for further proceedings.

On September 27, 2010, the Court granted the government's motion to dismiss Count I, the felon in possession charge and, on September 28, 2010, directed the Clerk of the Court to prepare an Amended Judgment as to Count II, the crack cocaine charge. The Court did not order the preparation of a new PSR. The Amended Judgment was filed September 28, 2010, and under it defendant was sentenced to 120 months imprisonment, to be served concurrently to certain state court cases, and 8 years supervised release.

Defendant sent a letter to the Court dated August 30, 2011, stating that his felon in possession conviction had been reversed but he had not heard from his lawyer in two years and had not received "paper work on [his] case," and inquiring when he would "have a court date to come back to the district court on the dockect [sic] for my case on direct appeal." (Doc. 79). In response to this letter, the Court directed the Clerk to mail defendant a copy of the docket sheet, the Order directing the Clerk to prepare an amended judgment, and the Amended Judgment.

Shortly thereafter, defendant filed a Notice of Appeal, a motion requesting transcripts and copies, a motion for reduction of a crack cocaine sentence under 18 U.S.C. § 3582(c) and for the appointment of counsel, and the instant motion for preparation of a new presentence investigation

2

report ("PSR").¹ On November 30, 2011, defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Holmes v. United States, No. 4:11-CV-2080 CAS (E.D. Mo.).

**Discussion**

Unfortunately for defendant, the fact that the government has not opposed his motion for a new PSR does not mean it can be granted. As a threshold matter, the Court must determine whether it has jurisdiction to address defendant's motion. "Once the district court has heard objections to the [PSR] and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited." United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994). See, e.g., Fed. R. Crim. P. 35(a) (district court may correct a clearly erroneous sentence only within fourteen days after imposition of sentence). "Thus, postsentence challenges to a [PSR] which are submitted to the district court must be based on statutes or rules which give the district court jurisdiction to consider the challenge." Warner, 23 F.3d at 290.

Defendant's motion seeking a new PSR does not identify the rule or statute on which it is based. The Court is obligated to liberally construe pro se pleadings. Haines v. Kerner, 404 U.S. 519 (1972); Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006). Accordingly, it will consider the possible bases for defendant's motion.

Rule 32 of the Federal Rules of Criminal Procedure requires that a probation officer prepare and submit to the Court a PSR. Fed. R. Crim. P. 32(c)(1)(A). Rule 32 also contemplates the

---

¹The Court denied defendant's motion for transcripts and copies (Doc. 84); granted defendant's motion for appointment of counsel, but limited the appointment to the issues presented by defendant's motion for reduction of sentence (Doc. 85); and denied defendant's motion for reduction of sentence (Doc. 91). The Eighth Circuit Court of Appeals dismissed defendant's appeal as untimely. See United States v. Holmes, No. 11-3212 (8th Cir. Oct. 14, 2011).

3

disclosure of a PSR to the United States Bureau of Prisons.  Fed. R. Crim. P. 32(i)(3)(C).  A defendant's objections or challenges to a PSR can be raised pursuant to Rule 32 before sentencing, but once the sentence has been imposed, a court loses jurisdiction to correct a PSR under Rule 32.  United States v. Moore, No. 4:84-CV-114 CDP, slip op. at 1 (E.D. Mo. Aug. 14, 2002) (citing Warner, 23 F.3d at 290).  Other courts have also held that Rule 32 does not provide jurisdiction for a court to address post-sentence motions or conduct a post-sentence review of a presentence investigation report.  See, e.g., United States v. Angiulo, 57 F.3d 38, 42 (1st Cir. 1995); United States v. Engs, 884 F.2d 894, 895 (5th Cir. 1989) ("no postsentence jurisdiction exists based solely on Rule 32(c)(3)(D)"); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced.").  The Court therefore concludes that it lacks jurisdiction to address defendant's motion under Rule 32.

The Eighth Circuit Court of Appeals recently held that Rule 36 of the Federal Rules of Criminal Procedure, which provides a mechanism for the correction of clerical errors, cannot be used to modify a presentence report after sentencing where the alleged inaccuracies are substantive issues rather than clerical oversights or omissions.  United States v. Long, 434 F. App'x 567 (8th Cir. 2011).  Because defendant's motion raises a substantive issue with respect to his PSR, the Court concludes that under Long, it lacks jurisdiction to address defendant's motion under Rule 36.

Because defendant is not challenging his sentence in the instant motion, 18 U.S.C. § 3582 and Rule 35 of the Federal Rules of Criminal Procedure are inapplicable.  Further, because defendant has filed a separate motion under 28 U.S.C. § 2255, the Court does not consider construing the instant motion as one under § 2255.

4

The final possible basis of jurisdiction is the Court's inherent power. The Court is mindful that "[p]rinciples of deference counsel restraint in resorting to inherent power." Degen v. United States, 517 U.S. 820, 823 (1996) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). Considering the prudential limits on the use of inherent judicial power and a district court's clearly limited post-sentence jurisdiction over issues related to sentences and PSRs, the Court concludes it does not have jurisdiction, based on its inherent power, to address the error alleged by defendant.

**Conclusion**

For the foregoing reasons, defendant's motion for a new PSR must be denied for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Motion for New Presentence Investigation - 'PSI'" is **DENIED** without prejudice. [Doc. 95]

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of December, 2011.